UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE VOLSTROMER *et al.*,

       Plaintiffs,                         Case No. 1:10-cv-00752

v.                                         Hon. Gordon J. Quist

ENBRIDGE ENERGY,
LIMITED PARTNERSHIP, *et al.*,

       Defendants.
_____/

**DEFENDANT ENBRIDGE ENERGY, LIMITED PARTNERSHIP'S**
**<u>MOTION FOR CONSOLIDATION</u>**

Defendant Enbridge Energy, Limited Partnership ("Enbridge"), through its counsel, Dickinson Wright PLLC, moves pursuant to FED. R. CIV. P. 42(a) for an order consolidating this action with three other nearly identical class action lawsuits that are pending in this District because each action raises common questions of law or fact. In the interest of the parties' convenience and judicial economy, Enbridge further requests that this Court order the plaintiffs to file a consolidated complaint. In support of its motion, Enbridge relies upon the facts, argument, and authority set forth in the accompanying brief.

Pursuant to L.R. 7.1(a), Enbridge sought concurrence in the relief requested in this motion from counsel for the plaintiffs in the actions sought to be consolidated into this one. Plaintiffs' counsel in *Robinson v. Enbridge Pipelines (Lakehead) L.L.C et al.*, Case No. 10-cv-1007 (transferred from the Eastern District of Michigan) and *Bell v. Enbridge Pipelines (Lakehead) L.L.C. et al.*, Case No. 10-cv-1003 (transferred from the Eastern District of Michigan) concur in the requested consolidation. Despite diligent efforts, Enbridge has been unable to confirm with counsel for the plaintiffs in *Matthews v. Enbridge, Inc.*, 10-cv-838, whether or not they will concur in the requested consolidation.

WHEREFORE, Enbridge respectfully requests that this Court grant its motion and consolidate this action with three other nearly identical class action lawsuits that are pending in this District.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Kathleen A. Lang*
    Edward H. Pappas (P23224)
    Kathleen A. Lang (P34695)
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500

E-mail: klang@dickinsonwright.com

Geoffrey A. Fields (P41788)
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
(616) 458-1300

*Attorneys for Defendant Enbridge Energy, Limited Partnership*

Date:   October 15, 2010

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE VOLSTROMER *et al.*,

        Plaintiffs,                                Case No. 1:10-cv-00752

v.                                              Hon. Gordon J. Quist

ENBRIDGE ENERGY,
LIMITED PARTNERSHIP, *et al.*,

        Defendants.
_____/

**BRIEF IN SUPPORT OF DEFENDANT ENBRIDGE ENERGY, LIMITED PARTNERSHIP'S MOTION FOR CONSOLIDATION**

## TABLE OF CONTENTS

TABLE OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT.................................................................................................... ii

I. INTRODUCTION AND PROCEDURAL BACKGROUND..........................................1

II. ARGUMENT .........................................................................................................3

    A. This Court Should Consolidate the Matthews Action ..........................................3

    B. This Court Should Consolidate the Bell and Robinson Actions..........................4

    C. In the Interests of the Parties' Convenience and Judicial Economy, This Court Should Also Order the Plaintiffs to File a Consolidated Complaint...........6

III. CONCLUSION.......................................................................................................7

## TABLE OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE <u>RELIEF SOUGHT</u>

**Cases**

*Huene v. U.S.*, 743 F.2d 703 (9th Cir. 1984) .................................................................. 3

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161 (C.D. Cal. 1976) ...................... 6

*In re: Ford Motor Company Sec. Litig.*, 381 F.3d 563 (6th Cir. 2004) .......................................... 6

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989) ................................................................................................. 4

*Katz v. Realty Equities Corp. of N.Y.*, 521 F.2d 1354 (2d Cir. 1975) .......................................... 6

*Levitte v. Google, Inc.*, Case No. C 08-03369 JW *et al.*, 2009 U.S. Dist. LEXIS 18198 (N.D. Cal. Feb. 25, 2009) ...................................................................... 3

*Maben v. Fiedler*, Case No. 91-cv-683 *et al.*, 1992 U.S. Dist. LEXIS 8065 (W.D. Mich. April 3, 1992) ...................................................................................... 4

*Versus Technology, Inc. v. Hillenbrand Industries, Inc.*, No. 1:04-cv-168, 2004 U.S. Dist. LEXIS 28331 (W.D. Mich. November 23, 2004) .......................................... 3

**Rules**

FED. R. CIV. P. 42(a) ................................................................................................ 3, 4, 6

W.D. MICH. LOC. CIV. R. 3.3.1(d)(iii) .......................................................................... 3, 4

## I.      INTRODUCTION AND PROCEDURAL BACKGROUND

On July 30, 2010, lead plaintiff Eugene Volstromer filed the first of several nearly identical class action lawsuits alleging various property damage claims arising from an oil leak involving the "6B" pipeline on Defendant Enbridge Energy, Limited Partnership's "Lakehead System" (hereinafter "Line 6B").   (Complaint, **Exhibit 1**).   After the instant action was commenced, class action complaints were filed in the following actions:

- August 2, 2010 – *Watts v. Enbridge, Inc. et al.*, Case No. 10-cv-753, **Exhibit 2**;

- August 12, 2010 – *Bell v. Enbridge Pipelines (Lakehead) L.L.C. et al.*, Case No. 10-cv-1003 (transferred from the Eastern District of Michigan), **Exhibit 3**;

- August 13, 2010 – *Robinson v. Enbridge Pipelines (Lakehead) L.L.C et al.*, Case No. 10-cv-1007 (transferred from the Eastern District of Michigan), **Exhibit 4**;[1]

- August 23, 2010 – *Matthews v. Enbridge, Inc.*, 10-cv-838, **Exhibit 5**;

On October 13, 2010, both the Bell and Robinson actions were then transferred from the Eastern District of Michigan to this District pursuant to 28 U.S.C. § 1404(a).   (*See* Stipulated Orders Regarding Transfer of Venue to the Western District of Michigan and Response Deadlines in Bell and Robinson, **Exhibit 6**).   The parties agreed that the transfer was appropriate because those actions and the actions pending in this District all "arise out of a pipeline leak near Marshall, Michigan."

The class actions were filed against an assortment of defendants, all of whom are within the Enbridge corporate family, but each of whom are distinct business entities.   In an attempt to streamline the motion practice, counsel for Enbridge Energy, Limited Partnership advised each of the plaintiffs' counsel that the company that owned the pipeline that is the subject of the

---

[1]  The Bell and Robinson complaints were filed by the same counsel and were substantively identical.  Each complaint was amended on September 14, 2010, but they remained substantively identical.  The amended complaints are attached as Exhibits 3 and 4.

litigation was Enbridge Energy, Limited Partnership, and identified its general partners, Enbridge Pipelines (Lakehead), L.L.C. and Enbridge Pipelines (Wisconsin), Inc. as the appropriate defendants for the litigation.  A request was made to stipulate to amend the complaints to add the proper defendants and dismiss without prejudice defendants over whom the Court did not have jurisdiction or had nothing to do with the pipeline which is the subject of the litigation.  It is anticipated that either through stipulation or motion practice, all of the lawsuits will eventually have identical defendants.

Accordingly, there are now five, nearly-identical lawsuits pending in this District alleging various property damage claims arising from the same oil leak involving Line 6B, which is owned by Defendant Enbridge Energy, Limited Partnership ("Enbridge").  Each action purports to represent a class of persons whose property was damaged by the Line 6B leak and asserts claims primarily sounding in trespass, negligence, and nuisance.  Most significant, the Volstromer and Watts actions were recently consolidated before this Court (*see* **Exhibit 7**), and it was anticipated at the hearing on the motion to consolidate those actions that the Matthews action, which has factual and class allegations that appear to have been "cut and pasted" directly from the Watts complaint, would be consolidated as well in the near future.

It is indisputable that the allegations in this action and the Robinson, Bell, Watts, and Matthews actions raise some common questions of law or fact.[2]  Accordingly, Enbridge requests that this Court consolidate these actions into the lead Volstromer action in the interests of the parties' convenience, efficient case management and judicial economy.  Moreover, for those

---

[2] Although the five lawsuits raise some common questions of law or fact such that consolidation is appropriate under FED. R. CIV. P. 42(a), it does not follow nor does Enbridge Energy, Limited Partnership concede that there are common questions of law or fact that predominate or outweigh individual issues sufficient for class certification of the putative class under FED. R. CIV. P. 23.

same reasons, Enbridge Energy, Limited Partnership requests that this Court order the plaintiffs

to file a consolidated complaint.[3]

## II.      ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or
> fact, the court may: (1) join for hearing or trial any or all matters at
> issue in the actions; (2) consolidate the actions; or (3) issue any
> other orders to avoid unnecessary cost or delay.

A district court has broad discretion to order consolidation and must generally "'weigh[]

the saving of time and effort consolidation would produce against any inconvenience, delay, or

expense that it would cause.'"  *See Levitte v. Google, Inc.*, Case No. C 08-03369 JW *et al.*, 2009

U.S. Dist. LEXIS 18198, at *3-4 (N.D. Cal. Feb. 25, 2009) (quoting *Huene v. U.S.*, 743 F.2d

703, 704 (9th Cir. 1984)).  Here, consolidating the five pending class actions arising from the

Line 6B leak can only result in efficiency.

### A.      This Court Should Consolidate the Matthews Action

The Volstromer and Watts actions have already been consolidated before this Court

pursuant to a motion to consolidate filed by counsel for the Watts plaintiffs.  As stated in

Enbridge's response to the Watts' motion for consolidation, Enbridge did not oppose

consolidation, but offered that Local Rule 3.3.1(d)(iii)[4] required the Watts case to be reassigned

---

[3] Enbridge is filing this motion in the instant action since it was the first-filed action.
Indeed, the Watts action has already been consolidated into this one, and this action has now
been designated as the "lead case."  *See also Versus Technology, Inc. v. Hillenbrand Industries,
Inc.*, No. 1:04-cv-168, 2004 U.S. Dist. LEXIS 28331, *21 (W.D. Mich. November 23, 2004)
(observing that the court in which the earliest case was filed should decide how related cases
should proceed).

[4] W.D. MICH. LOC. CIV. R. 3.3.1(d)(iii) provides, in pertinent part, that "Cases related to
cases already assigned to a judge shall be assigned . . . to the judge having the related case
earliest filed."  Cases are "related" if they "arise[] out of the same transaction or occurrence and
involve[] one or more of the same parties as a pending suit."  *Id.* at 3.3.1.(d)(iii)(A)(2).

to this Court because this Court had the "earliest filed" Volstromer case. As explained in Enbridge's response, the same analysis applies to the Matthews action.

The Watts plaintiffs' motion did not request consolidation of the Matthews action likely only because the Matthews action was filed after the Watts motion to consolidate. The Matthews complaint is largely identical to the Watts complaint. In fact, most of its general factual and class allegations were apparently "cut and pasted" directly from the Watts complaint. (*Compare* Exhibit 2, ¶¶ 10-15 and 24-27 with Exhibit 5, ¶¶ 7-12 and 16-19). Accordingly, pursuant to Local Rule 3.3.1(d)(iii), the Matthews action should be reassigned to this Court.[5]

This Court also has authority to consolidate the Matthews action with the Volstromer and Watts actions that are currently before it. *See*, *e.g., Maben v. Fiedler*, Case No. 91-cv-683 *et al.*, 1992 U.S. Dist. LEXIS 8065 (W.D. Mich. April 3, 1992); *see also Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). Consolidation of the Matthews action with the Volstromer and Watts actions is particularly appropriate because, based on its verbatim reproduction of the allegations in the Watts complaint, there can be no doubt that the Matthews action raises a question of law or fact in common with the two already consolidated actions. Accordingly, this Court should consolidate the Matthews action with the already-consolidated Volstromer and Watts actions.

### B.    This Court Should Consolidate the Bell and Robinson Actions

This Court should also consolidate the recently-transferred Bell and Robinson actions with the cases pending before it pursuant to FED. R. CIV. P. 42(a).[6]

---

[5] Enbridge Energy, Limited partnership does not concede that the correct parties have been named or that the Court has personal jurisdiction over any of them.

[6] The transferred cases should be assigned to this Court because W.D. MICH. LOC. CIV. R. 3.3.1(d)(iii)(B) provides that "[w]hen it appears to the Clerk that two or more cases may be related cases, they shall be referred to the magistrate judge assigned to the judge who has the

Footnote continued on next page …

The three actions originally filed in this District – Volstromer, Watts, and Matthews – plainly overlap with the Bell and Robinson actions. For example, the Watts and Matthews plaintiffs allege that "[o]n or about July 25, 2010, [Line 6B] began to leak crude oil" and that "[t]he leak has caused more than 800,000 gallons of oil to flow into the Talmadge Creek and the Kalamazoo River." (*See* Exhibit 2, ¶¶ 10, 12; Exhibit 5, ¶¶ 7, 9). The Bell and Robinson plaintiffs similarly allege that "[o]n July 26, 2010, Defendants' 6B pipeline failed" and the leak "result[ed] in the release of hundreds of thousands of gallons of petroleum product in the Talmadge Creek and flowing west into the Kalamazoo River . . .." (*See* Exhibit 3, ¶ 9; Exhibit 4 ¶ 9).

Indeed, the lead plaintiffs in all five actions purport to represent a class of persons whose property was damaged by the Line 6B leak and assert claims primarily sounding in trespass, negligence, and nuisance. (*See* Exhibit 1, ¶¶ 49-53 (trespass), 39-48 (negligence), 30-38 (nuisance); Exhibit 2, ¶¶ 38-41 (trespass), 46-49 (negligence), 42-45 (nuisance); Exhibit 3, ¶¶ 32-43 (trespass), 22-31 (negligence), 44-58 (nuisance); Exhibit 4, ¶¶ 32-43 (trespass), 22-31 (negligence), 44-58 (nuisance); Exhibit 5, ¶¶ 30-33 (trespass), 38-41 (negligence), 34-37 (nuisance)). The similarities between the allegations in all five complaints are further illustrated in the attached table. (**Exhibit 8**). Furthermore, the parties' stipulation in Bell and Robinson acknowledged that all five actions arise out of the same pipeline leak and consolidation of the actions would be appropriate. (*See* Exhibit 6).

It therefore follows that this Court should consolidate the Bell and Robinson actions with the Volstromer, Watts, and Matthews actions.

---

Footnote continued from previous page …

earliest case to determine whether or not the cases are related. If related, the cases will be assigned to the same judge."

**C.    In the Interests of the Parties' Convenience and Judicial Economy, This Court Should Also Order the Plaintiffs to File a Consolidated Complaint**

Pursuant to FED. R. CIV. P. 42(a), this Court has authority to order the filing of a single consolidated complaint for pretrial purposes.[7]  *See Katz v. Realty Equities Corp. of N.Y.*, 521 F.2d 1354 (2d Cir. 1975); *see*, *e.g.*, *In re: Ford Motor Company Sec. Litig.*, 381 F.3d 563 (6th Cir. 2004) (affirming dismissal of claims after a series of class actions against Ford were consolidated and the lead plaintiff was directed to file a consolidated complaint).  As the *Katz* court explained, "in the circumstances here present which involve complex and multifaceted actions with a number of similar complaints the adoption of a consolidated complaint is a device well-suited to achieve economies of effort on the part of the parties and the court."  *Katz*, 521 F.2d at 1359; *see also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (explaining that a consolidated complaint allows the parties to direct memoranda and argument "to one coherent pleading," relieves the court from going "through varying and conflicting class allegations that may have been stated in each separate complaint," and lessens "the burdens of discovery management" and the "mundane clerical and administrative details").

There are currently five class action complaints naming eleven plaintiffs and purporting to represent overlapping classes in actions against eight defendants.  As demonstrated above, each complaint alleges similar claims arising from a common incident.  Thus, the Court and parties will benefit greatly from the simplification and elimination of redundancy that a consolidated complaint will achieve.  Simply stated, "the overall economies in reducing the proliferation of duplicative papers warrant" a consolidated complaint.  *Katz*, 521 F.2d at 1359.

---

[7] Enbridge takes no position on the interim leadership structure for the putative plaintiff class.

Accordingly, in the interest of the parties' convenience and judicial economy, Enbridge Energy, Limited Partnership requests that this Court order the plaintiffs to file a consolidated complaint.

### III.  CONCLUSION

For the foregoing reasons, Defendant Enbridge Energy, Limited Partnership respectfully requests that this Court consolidate the Matthews, Bell, and Robinson actions with the Volstromer and Watts actions currently pending before it and order the plaintiffs to file a consolidated complaint.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: ___/s/  Kathleen A. Lang_____
    Edward H. Pappas (P34695)
    Kathleen A. Lang (P23224)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
E-mail:  klang@dickinsonwright.com

Geoffrey A. Fields (P41788)
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503
(616) 458-1300

*Attorneys for Defendant Enbridge Energy, Limited Partnership*

Dated:  October 15, 2010

I hereby certify that on October 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to:  David R. Dubin, Elizabeth C. Thomson, Patrica A. Stamler and Steven D. Liddle.

I further certify that the following individuals were served with the foregoing document by "nonelectronic means of service under

7

Rule 5":

THE MILLER LAW FIRM, P.C.
David H. Fink
E. Powell Miller
Darryl G. Bressack
Marc L. Newman
Lauren G. Northrop
950 W. University Dr., Suite 300
Rochester Hills, MI 48307

MILLER JOHNSON PLC
James R. Peterson
Jon R. Muth
250 Monroe Avenue, N.W., Suite 800
P.O. Box 306
Grand Rapids, MI 49501-0306

FIEGER, FIEGER, KENNEY, JOHNSON
   & GIROUX P.C.
Geoffrey N. Fieger
Todd J. Weglarz
19390 W. 10 Mile Road
Southfield, MI 48075

HOLLAND, GROVES, SCHNELLER &
   STOLZ, LLC
Eric D. Holland
Steven J. Stolze
300 North Tucker Blvd., Suite 801
St. Louis, MO 63101

*Via U.S. Mail*

s/Kathleen A. Lang (P23224)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
klang@dickinsonwright.com