UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PRECIOUS HOLDER, et al.,

      Plaintiffs,

v.                                      Case No. 1:10-cv-752

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

DARWIN WATTS, et al.,

      Plaintiffs,

v.                                        Case No. 1:10-cv-753

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

JEFFREY GONYER and SUSAN GONYER,

      Plaintiffs,

v.                                      Case No. 1:10-cv-1096

ENBRIDGE ENERGY,                    HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

YVETTE MATTHEWS, et al.,

      Plaintiffs,

v.                                      Case No. 1:10-cv-838

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

**MOTION OF THE HOLDER PLAINTIFFS, THE WATTS PLAINTIFFS,
THE GONYER AND MATTHEWS PLAINTIFFS FOR APPOINTMENT OF
INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE**

**ORAL ARGUMENT REQUESTED**

NOW COME the Holder Plaintiffs, the Watts Plaintiffs, the Gonyer Plaintiffs and the Matthews Plaintiffs (collectively, the "Moving Plaintiffs") by and through their respective counsel and pursuant to Fed. R. Civ. P 23(g)(1)&(2) and hereby move this Court for entry of an order for the putative class granting: (i) the appointment of Holder Counsel (Hertz Schram PC and Macuga, Liddle & Dubin P.C.) and Watts Counsel (Fink + Associates Law and the Miller Law Firm, PC) as Interim Co-Lead Counsel, and; (ii) the appointment of an Interim Executive Committee, as set forth in the proposed order attached hereto as Exhibit 1.

Pursuant to L.R. 7.1(d), counsel have requested concurrence in the relief sought herein from plaintiff's counsel in the *Robinson* and *Bell* class actions, but such concurrence was denied.

The Moving Plaintiffs respectfully request oral argument.

Respectfully submitted,

**Fink + Associates Law**

Co-Counsel for Watts et al.
By:      /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
100 West Long Lake Rd; Suite 111
Bloomfield Hills, Michigan 48304
dfink@finkandassociateslaw.com
(248) 971-2500

**Hertz Schram PC**

Co-Counsel for Holder et al.
By:      /s/ Patricia A. Stamler    [w/ consent]
Patricia A. Stamler (P35905)
Elizabeth C. Thomson (P53579)
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
pstamler@hertzshcram.com
248-335-5000

**Miller Johnson**

Co-Counsel for Watts et al.
By: ___/s/ James R. Peterson___ [w/ consent]
James R. Peterson (P43102)
Jon R. Muth (P18138)
David J. Gass (P34582)
Ave. N.W.; Suite 800
Grand Rapids, Michigan 49503
petersonj@millerjohnson.com
(616) 831-1700

**The Miller Law Firm, PC**

Co-Counsel for Watts et al.
By: ___/s/ E.Powell Miller___ [w/ consent]
E. Powell Miller (P39487)
Ann L. Miller (43578)
Casey A. Fry (P72332)
950 West University Drive; Suite 300
Rochester, Michigan 48307
alm@millerlawpc.com
(248) 841-2200

**Macuga, Liddle & Dubin PC**

Co-Counsel for Holder et al.
By: ___/s/ Steven D. Liddle___ [w/ consent]
Steven D. Liddle (P45110)
Laura L. Sheets (P63270)
975 E. Jefferson Ave.
Detroit, MI 48207
sliddle@mlclassaction.com
(313) 392-0015

**Fieger, Fieger, Kenney, Johnson & Giroux**

Counsel for Gonyer at al. and Matthews et al.
By: ___/s/ Todd J. Weglarz___ [w/ consent]
Geoffrey N. Fieger (P30441)
Todd J. Weglarz (P 48035)
19390 West 10 Mile Road
Southfield, Michigan 48075
t.weglarz@fiegerlaw.com
(248) 355-5555

**BRIEF IN SUPPORT OF MOTION OF THE HOLDER PLAINTIFFS, THE WATTS PLAINTIFFS, THE GONYER AND MATTHEWS PLAINTIFFS FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE**

## TABLE OF CONTENTS

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................................... iv

STATEMENT OF ISSUES PRESENTED ..................................................................................... v

INTRODUCTION ............................................................................................................................ 1

I.  Standard for Appointment of Class Counsel ....................................................... 3

II.  The Proposed Leadership Structure Will Effectively and Efficiently Represent the Putative Class ........................................................................................................... 4

III.  The Movants are Highly Qualified to Represent the Putative Class ................................ 8

    A.  Hertz Schram PC is Highly Qualified to Serve as Interim Co-Lead Counsel ............. 8

    B.  Fink + Associates Law is Highly Qualified to Serve as Interim Co-Lead Counsel .. 10

    C.  Macuga Liddle is Highly Qualified to Represent the Class ..................................... 12

    D.  The Miller Law Firm is Highly Qualified to Represent the Class ........................... 13

    E.  Miller Johnson is Highly Qualified to Represent the Class ..................................... 14

    F.  Fieger, Fieger, Kenney, Johnson & Giroux is Highly Qualified to Represent the Class                                                                                          15

IV.  Movants Have Demonstrated Their Commitment to the Zealous Representation of the Class                                                                                          16

    A.  Communication with Putative Class Members ......................................................... 16

    B.  Use of Experts ......................................................................................................... 17

        1.  DeLisle Associates, LTD ................................................................................... 17

        2.  Dr. Kathleen Burns ........................................................................................... 18

i

3. Dr. Michael Harbut ....................................................................................... 19

4. Other Liability, Causation and Damages Experts ...................................... 20

5. Local Support ............................................................................................... 20

C. Gathering Information Prior To The Commencement of Discovery ........................ 20

CONCLUSION ............................................................................................................. 21

<u>INDEX OF AUTHORITIES</u>

**Cases**

*Coleman v. General Motors Acceptance Corp.,* 220 F.R.D. 64 (M.D. Tenn. 2004) ...................... 3

*Ehler v. IPEX, Inc.,* 08-CV-02220CM, 2009 WL 1392075 (D. Colo. May 15, 2009). ................. 6

*In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425 (2d. Cir. 1993)..................................... 8

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006)....................... 4

*In re Cree, Inc., Sec. Litig.,* 219 F.R.D. 369 (M.D.N.C. 2003)..................................................... 3

*In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 252 F.R.D. 66 (U.S. Dist. Ct. ME., 2008) ...................................................................................................................................... 6

**Rules**

Fed.R. Civ. P. 23(g) .............................................................................................................. 3, 4

**Treatises**

*Manual for Complex Litigation* (Fourth) ("Manual") §21.11 (2004). ........................................ 4

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed.R. Civ. P. 23(g)

## STATEMENT OF ISSUES PRESENTED

I.      Should the Court appoint Holder Counsel and Watts Counsel as Interim Co-Lead Counsel for the putative class?

        Movants Answer:     Yes.

        Bell & Robinson's Counsel Answers:     No.


II.     Should the Court appoint Miller Johnson, Fieger, Fieger, Kenney, Johnson & Giroux, Hertz Schram, Macuga Liddle & Dubin, Fink + Associates Law and The Miller Law Firm, PC, to the Interim Executive Committee?

        Movants Answer:     Yes.

        Bell & Robinson's Counsel Answers:     No.

## <u>INTRODUCTION</u>

On or about July 24 or July 25, 2010, a 30-inch oil pipeline owned and maintained by the Defendants ("Enbridge pipeline") ruptured and began releasing oil into Talmadge Creek, a creek which flows directly into the Kalamazoo River in the vicinity of Marshall, Michigan. Defendants' pipeline was built in 1969 and carries roughly eight million gallons of oil per day from Griffith, Indiana to Sarnia, Ontario. The leak from the Enbridge pipeline caused more than 800,000 gallons of oil to flow into the Talmadge Creek and the Kalamazoo River, contaminating the waters, ground and air, coating and killing wildlife, and creating a toxic stench in an area spreading over the more than 30 miles that the oil spill has affected thus far.

To date, six separate class action complaints have been filed against Enbridge. The first Complaint - *Volstromer et al v. Enbridge, Inc. et al*, Case No. 10-cv-752 (later renamed to *Holder et al. v. Enbridge, Inc. et al.),* was filed on July 30, 2010. On the next business day, the second Complaint was filed and is captioned *Watts et al v. Enbridge, Inc. et al*, Case No. 10-cv-753. The attorneys representing the named Plaintiffs in the *Holder* action, include Hertz Schram and Macuga, Liddle & Dubin P.C. (hereinafter collectively referred to as the "Holder Counsel"). The attorneys representing the named Plaintiffs in the Watts action include Fink + Associates Law and the Miller Law Firm, PC (hereinafter referred to as the "Watts Counsel.")[1] These firms seek appointment as Interim Co-Lead counsel and as members of the Executive Committee. Two additional Complaints, filed in the Western District of Michigan by Fieger, Fieger, Kenney, Johnson & Giroux law firm, are captioned: *Matthews et al. v. Enbridge, Inc. et al*, Case No. 10-cv-838 and *Gonyer et al. v. Enbridge, Inc. et al*, Case No. 10-cv-1096. Counsel for the plaintiffs in *Matthews* and *Gonyer* actions seek

---

[1] The Grand Rapids-based firm Miller Johnson, also represents the Watts Plaintiffs. As discussed below, Miller Johnson intends to continue to work with Holder Counsel and Watts Counsel to actively prosecute this action on behalf of the putative class.

appointment to the Interim Executive Committee. Heeding this Court's guidance, counsel in these cases propose to represent the class together, by combining their resources and complementary expertise through an efficient and effective leadership structure. The proposed structure – and its efficiencies and strengths – is detailed below. In short, Holder Counsel and Watts Counsel (hereinafter referred to collectively as "Interim Co-Lead Counsel") would serve as Interim Co-Lead Counsel. The proposed Executive Committee would be comprised of Miller Johnson, Fieger, Fieger, Kenney, Johnson & Giroux, Hertz Schram, Macuga Liddle & Dubin, Fink + Associates Law and The Miller Law Firm, PC.[2] (Attached as Exhibit 1, is the proposed Order appointing Interim Co-Lead Counsel and an Interim Executive Committee).

Two additional putative class action Complaints were filed against Defendants. Both of these Complaints were filed in the Eastern District of Michigan by St. Louis-based attorney Eric Holland and his law firm Holland Grove Schneller & Stolze LLC.[3] They are captioned *Bell et al. v. Enbridge et al.*, Case No. 10-cv-1003 and *Robinson et al v. Enbridge et al.*, Case No. 10-cv-1007, and were filed on August 12, 2010 and August 13, 2010, respectively. Movants do not propose that Mr. Holland serve in a leadership role as they believe that neither he nor his firm possess the requisite expertise to properly represent the class. Moreover, the Movants believe that including Mr. Holland or his law firm in the leadership of this class action would create inefficiencies for the class. In fact, during discussions with Movants, Mr. Holland stated that he would only serve on the Executive Committee if his firm – and each and every member of the Executive Committee – was guaranteed to have at least one attorney or paraprofessional assigned to review documents. His other "condition" was that his firm – and each and every member of the Executive Committee – be

---

[2] The proposed Interim Co-Lead Counsel and proposed members of the Executive Committee are collectively referred to herein as "Movants."

guaranteed to have at least one attorney assigned to drafting the Consolidated Class Action Complaint and to briefing Responses to any subsequently filed Motion to Dismiss. Mr. Holland's proposals are not in the best interests of the class. Interim Co-Lead Counsel should not be *required* to assign work to certain firms; this could create unnecessary duplication and could lead to an inefficient structure that benefits the firms with guaranteed work at the expense of the class recovery.

## **ARGUMENT**

### I.  **STANDARD FOR APPOINTMENT OF CLASS COUNSEL**

The proposed leadership structure would best represent the interests of the class.[4] Fed. R. Civ. P. 23, which governs certification of a case as a class action, sets forth the criteria the court must consider when appointing class counsel. Fed. R. Civ. P. 23(g). Fed. R. Civ. P. 23(g)(3) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "[T]he primary responsibility of class counsel, resulting from appointment as such, is to represent the best interest(s) of the class." *Coleman v. General Motors Acceptance Corp.,* 220 F.R.D. 64, 100 (M.D. Tenn. 2004); *In re Cree, Inc., Sec. Litig.,* 219 F.R.D. 369, 373 (M.D.N.C. 2003); Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interest of the class.")

> [W]here multiple overlapping and duplicative actions have been transferred to a single district for coordination of pretrial proceedings, designation of interim class counsel is encouraged and indeed is probably essential for efficient case management.

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (*citing* the *Manual for Complex Litigation* (Fourth) ("Manual") §21.11 (2004).

---

[3] Filing two cases in the Eastern District is troubling as the vast majority of the witnesses reside and/or do business in the Western District.
[4] Fed. R. Civ. P. 23(g)(2), titled the "Standard for Appointing Class Counsel" states "when one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1)

Neither Rule 23(g) nor the Advisory Committee Notes to Rule 23(g) explicitly state the standard courts should apply in selecting interim counsel.  However, numerous courts have held that courts should apply the same standard that is used in selecting class counsel at the time of class certification.  In that regard, Fed. R. Civ. P. 23(g)(1)(A) states that the court *must* consider:

> (i)    The work counsel has done in identifying or investigating potential claims in the action;

> (ii)   Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

> (iii)  Counsel's knowledge of the applicable law.

The Rule also states that the Court may consider the resources that counsel will commit to representing the class and any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23 (g)(1)(B).

"[I]n evaluating prospective class counsel, the Court should weigh all pertinent factors.  No single factor should necessarily be determinative in a given case."[5]  Where more than one applicant seeks to represent the class, "the court *must* appoint the applicant best able to represent the interest of the class." Fed. R. Civ. P. 23(g) (Emphasis added) (2).  The Movants satisfy each of the above requirements, as more fully addressed herein, and are best positioned to fairly and adequately represent the interests of the class.

## II.    THE PROPOSED LEADERSHIP STRUCTURE WILL EFFECTIVELY AND EFFICIENTLY REPRESENT THE PUTATIVE CLASS

The Movants propose that the Court appoint Interim Co-Lead Counsel.  Interim Co-Lead Counsel would be charged with ensuring that the class has the best– and most efficient -

---

and (4).  If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interest of the class."
[5] Rule 23(g)(C) Advisory Committee Notes (2003); see also Manual, §10.224, at 27 (listing additional factors for the Court to consider, including compensation, full disclosure of agreements between counsel, whether diverse interests exist,

representation possible. Interim Co-Lead Counsel would be able to use its own resources where appropriate or call on the specialized expertise of different members of the Interim Executive Committee – which would be comprised of an incredibly qualified group of attorneys.[6] The Movants propose that Interim Co-Lead Counsel's responsibilities include:

1. Daily responsibility for the conduct of the litigation, including delegation of responsibilities to other counsel as Interim Co-Lead Counsel deem appropriate;

2. Planning and coordinating, to the extent practicable, all discovery, law and motion practice and related matters, to ensure the efficient prosecution of this action;

3. Briefing and arguing motions and filing opposing briefs on motions initiated by other parties;

4. Conducting all proceedings on behalf of Plaintiffs;

5. Conducting trial and post-trial proceedings;

6. Calling and chairing meetings of the Interim Executive Committee and other counsel as Interim Co-Lead Counsel deem necessary or desirable in order to effectively prosecute these actions;

7. Delegating specific tasks to Interim Co-Lead counsel and the Executive Committee, as needed, in a manner to ensure that pretrial and trial preparation for the Plaintiffs is conducted effectively, efficiently, and economically, establish any necessary organizational structure;

8. Determining and presenting to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

9. Negotiating with defense counsel with respect to settlement and other matters;

10. Coordinating and communicating with Defendants' counsel with respect to this litigation;

---

and the proven ability of counsel to work cooperatively with other counsel) and §21.27, at 278-282 (discussing criteria, approaches and procedures for appointment).
[6] The complementary expertise and experience of Interim Co-Lead Counsel is discussed later in this Brief.

11. Entering into stipulations, with opposing counsel, as necessary for the conduct of the litigation;

12.  Consulting with and employing experts;

13. Preparing and distributing to the parties periodic status reports;

14. Allocating fees awarded by the Court among Plaintiffs' counsel;

15. Carrying out the Orders of the Court concerning the conduct of the litigation;

16. Supervising the discovery efforts of Plaintiffs;

17.  Conducting all proceedings on behalf of Plaintiffs;

18.  Periodically collecting and reviewing time records from Plaintiffs' counsel;

19.  Monitoring the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

20. Maintaining a litigation fund with assessed contributions from all firms represented on the Interim Executive Committee;

21.  Performing any and all other work reasonably necessary to represent and advance the interests of the putative class or as ordered by the Court.[7]

The Movants also propose that Interim Co-Lead Counsel serve on the Interim Executive Committee, along with Miller Johnson and Fieger, Fieger, Kenney, Johnson & Giroux.  Under the proposed structure, the members of the Interim Executive Committee would be consulted regarding litigation strategy and would advise Interim Co-Lead Counsel and assist with the litigation as needed and as requested by Interim Co-Lead Counsel.  Complementing his firm's role on the Executive

---

[7] Various courts have established the responsibilities of the Interim Lead Counsel to include: functioning as liaison counsel; supervising all proceedings on Plaintiffs' behalf; have sole authority to communicate with defendants counsel and the court on behalf of the plaintiffs; determine and present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings; conduct settlement negotiations on behalf of plaintiffs; enter into stipulations with opposing counsel as necessary to conduct litigation; monitor the activities of co-counsel to ensure schedules are met and unnecessary expenditure of time and funds is avoided; conduct all initial investigation of fact and law relating to liability and damages and conduct and coordinate informal discovery; etc. (see *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 252 F.R.D. 66, 69 (U.S. Dist. Ct. ME., 2008); see also *Ehler v. IPEX, Inc.*, 08-CV-02220CM, 2009 WL 1392075 (D. Colo. May 15, 2009).

Committee, Geoffrey Fieger of Fieger, Fieger, Kenney, Johnson & Giroux will also serve as co-trial counsel if the case proceeds to trial.

This Interim Executive Committee would facilitate the most cost-effective handling of the case. At various times different members of the team would take on active roles. For example, the Miller Johnson firm, with experienced counsel, knowledgeable regarding this Court's procedures and with offices in close proximity to this Court, will likely handle many matters that involve Court appearances and will help guide Interim Co-Lead counsel in complying with local rules and customary practices and procedures. Geoffrey Fieger of Fieger, Fieger, Kenney, Johnson & Giroux has personally committed to serve as co-trial counsel if the case proceeds to trial.

The strengths of this group of attorneys would be effectively managed to maximize the benefits to the class, while limiting the unnecessary expenditure of attorney time. Interim Co-Lead Counsel have extensive experience litigating and administering class actions. At this juncture, a great deal of work has already occurred through the joint efforts of counsel and has been done in a way to minimize costs while providing a significant benefit to the class. Upon appointment as Interim Co-Lead Counsel, the firms will continue to draw on this experience to streamline the process for the putative class members and for this Court. To prevent duplication of effort, Interim Co-Lead Counsel have agreed to designate Elizabeth C. Thomson to serve as the point person on behalf of Holder Counsel and to designate David H. Fink to serve as the point person on behalf of Watts Counsel.

In the early stages of this case, the rules and procedures unique to class litigation will play a dominant role in much of the planning and work of the Executive Committee; committee members with in depth experience in class action litigation will be called upon to save time in addressing these issues. As substantive issues are addressed, the Executive Committee will provide unique resources.

Certain members of the team have been heavily involved in both the litigation of important environmental issues and in the drafting of key statutory provisions that relate to certain claims; they will be called upon on an as-needed basis to address those subject areas in which they can give the team a comparative advantage, both in terms of the depth of knowledge they bring and in terms of the most timely and cost-effective preparation of arguments. Later, the experience of other members of the team in managing large-scale discovery will be called upon. And, in the final analysis, this, like all cases, will come down to the trial experience and skills of the attorneys that lead counsel can call upon. The depth of this bench gives Interim Co-Lead Counsel the luxury of managing a team with a wealth of expertise and avoids the need to climb a steep learning curve.

## III. THE MOVANTS ARE HIGHLY QUALIFIED TO REPRESENT THE PUTATIVE CLASS

Federal courts evaluating the adequacy of representation requirement for appointment of class counsel have repeatedly held that counsel will fairly and adequately represent a class where counsel is qualified, experienced and generally able to conduct the litigation on behalf of the class. *See, e.g. In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d. Cir. 1993). As leading firms in environmental class actions cases, with particularly well-developed track records of experience and accomplishments in cases such as this, the proposed Interim Co-Lead Counsel more than meet this standard.

### A. Hertz Schram PC is Highly Qualified to Serve as Interim Co-Lead Counsel

Attorney Elizabeth C. Thomson of the law firm of Hertz Schram has extensive experience in environmental class actions and other mass tort matters and has recovered millions of dollars on behalf of property owners and injured people. In her 15 years of practice, Ms. Thomson has successfully served as lead counsel in a number environmental class action cases and has obtained monetary and equitable relief on behalf of thousands of class members impacted by the actions of

8

corporate polluters. Among other environmental litigation successes involving air pollution, sewer overflows and environmental disasters on behalf of property owners, Ms. Thomson recently litigated and resolved two class action cases on behalf of residents and property owners against oil treatment and transportation companies located in Wayne County, Michigan.  Ms. Thomson has represented hundreds of injured people in various mass tort and multi-district litigation matters relating to medical device and pharmaceutical products.  Ms. Thomson also provided pro bono legal services, through the September 11th Victim Compensation Fund, to three Michigan families who lost loved ones as a result of the terrorist attacks in New York City.  Ms. Thomson worked with economic experts, prepared claims establishing significant damages and attended hearings in New York City resulting in the recovery of millions of dollars for her clients.  In addition to her law practice, Ms. Thomson has lectured on the issue of nuisance for the American Trial Lawyers Association and serves as a case evaluator for the Wayne County Case Evaluation Tribunal. (Exhibit 2, "Affidavit of Elizabeth C. Thomson")

Among a number of preeminent attorneys with class action experience at the Hertz Schram law firm, attorney Patricia Stamler has litigated a variety of class actions obtaining millions of dollars in compensation, by way of example, on behalf of employees at Henry Ford Hospital.  Ms. Stamler is an experienced litigator who handles complex civil litigation in a variety of areas including, civil rights, Federal False Claims Act/Whistleblower and 42 U.S.C. 1983.  Ms. Stamler has been recognized every year since 2006 as a Super Lawyer by Michigan Super Lawyers, "Top 50 Women Lawyers" in Michigan (2006), Best Lawyers in America 2009 to present, selected and profiled as a Best Lawyer in Michigan in Crain's Detroit Business, December 6, 2010, and selected as a member of the Fellows of the Michigan State Bar Foundation. ("The Fellows Program

9

recognizes Michigan lawyers for their professional excellence and service to the community".) (Exhibit 3, "Affidavit of Patricia Stamler").

Hertz Schram is also uniquely qualified to manage this case as the firm has considerable class action trial experience and has recovered over $100 million dollars in various class action matters. (Exhibit 4, "Lists of Class Action and Experience of Hertz Schram").

**B.     Fink + Associates Law is Highly Qualified to Serve as Interim Co-Lead Counsel**

In the case at bar, environmental expertise will be of paramount importance.  Fink + Associates Law managing partner David H. Fink has been a leader in Michigan environmental law and litigation for many years.  Mr. Fink has served on the State Bar's Environmental Law Section Council, the Detroit/Wayne County Roundtable on Sustainable Development, SEMCOG's Task Force on Environmental Regulation and the Detroit Regional Chamber of Commerce Energy and Environmental Policy Committee.  Mr. Fink was also the only attorney appointed by leaders of the Michigan State Legislature to serve on the Michigan Environmental Response Act Citizens Review Board, a Board which worked with the State Legislature to evaluate proposals which led to the current cost recovery provisions found in Michigan's Natural Resources and Environmental Protection Act (NREPA).  Mr. Fink was directly involved in the creation of the Wayne County Department of the Environment and in the development and implementation of the Clean Water Act Industrial Pretreatment Program for the Detroit Water and Sewerage Department.  Mr. Fink has also litigated key cases regarding the scope of the insurance industry's pollution exclusion clause, including *Gelman Sciences Inc. v. Fidelity and Casualty Company*, 456 Mich 305, 572 N.W. 2d 617 (1998), a case which significantly expanded environmental insurance coverage in this State.

David Fink is an experienced civil litigator, whose practice has focused on commercial litigation and class actions.  He handles both individual and class actions and currently serves as court-appointed interim lead counsel in two major Multi-District Litigation class action matters pending in the Eastern District of Michigan – the OnStar Contract Litigation (a consumer class action) and the Refrigerant Compressors Antitrust Litigation.  Mr. Fink has handled a wide range of civil lawsuits in courts throughout Michigan, winning important victories not only at the State and Federal trial court level, but also in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals.  Mr. Fink is a *magna cum laude* graduate of Harvard College, class of 1974, and a *cum laude* graduate of Harvard Law School, class of 1977.  Mr. Fink has been recognized as a "Super Lawyer" by Michigan Super Lawyers Magazine each year since 2007.  This year he has been selected by Michigan Lawyers Weekly as a "Leader in the Law."[8] (Exhibit 5, "Declaration of David H. Fink").

Darryl Bressack of Fink + Associates Law will work closely with Mr. Fink in representing the class.  Mr. Bressack has extensive class action experience and has worked closely with Mr. Fink on numerous class actions and other complex litigation throughout the country.  Mr. Bressack is a 2004 graduate of the University of Michigan Law School and a 2001 graduate of the University of Florida.  Mr. Bressack has been recognized as a "Michigan Rising Star" by Super Lawyers Magazine in each of the past two years.  This designation is based on an attorney peer review survey and given to no more than 2.5% of the lawyers in the state.

---

[8] Fink + Associates Law is joined in its representation of the class by Professor Noah Hall, a professor on the faculty of Wayne State University Law School, and a frequent visiting professor at the University of Michigan Law School. Professor Hall, has unique experience and insight regarding the issues raised in this case and is the author of a numerous widely-cited articles on Great Lakes water law.  Professor Hall also has extensive litigation experience and numerous published decisions in state and federal courts, and represented a variety of clients in significant environmental policy disputes through the Great Lakes Environmental Law Center. (Exhibit 6, Hall Resume.)

### C.       Macuga Liddle is Highly Qualified to Represent the Class

All of the attorneys at the law firm of Macuga, Liddle & Dubin are highly qualified attorneys who specialize in environmental class actions. Among them, attorney Steven D. Liddle has been a leader in environmental class action litigation for many years.  (Exhibit 7, "Affidavit of Steven D. Liddle") Mr. Liddle has successfully prosecuted litigation for sewer overflows, air pollution, water contamination and environmental disasters on behalf of property owners in Michigan as well as other states. (Exhibit 8, "Experience of the law firm of Macuga, Liddle & Dubin").  Mr. Liddle successfully represented tens of thousands of individuals claiming damages arising from the emission of noxious odors, toxic compounds and/or fugitive dust.  In addition to obtaining millions of dollars in monetary damages, Mr. Liddle also successfully negotiated massive injunctive relief, which eliminated or greatly reduced the defendants' emission of pollution.  It is noteworthy that almost all of these cases involved issues of environmental justice.

The primary focus of Mr. Liddle's entire legal career and his firms' practice has been environmental class actions.  As a result, each of the attorneys in his employ has obtained significant experience litigating environmental class actions. (Exhibit 9, "Affidavit of David R. Dubin"; Exhibit 10, "Affidavit of Laura L. Sheets")  Mr. Liddle's firm is highly qualified to not only litigate environmental class actions, but to manage them as well.  His staff has effectively managed the settlement and payout of millions of dollars to hundreds of thousands of people without the use of outside assistance.

In addition to practicing law, Mr. Liddle has served as an adjunct professor at Michigan State University College of Law where he taught a course entitled "Complex Litigation" which focused mainly on class actions.  In 2002, Mr. Liddle successfully lobbied the Michigan Legislature for the passage of Public Act 222, which created an exception to governmental immunity for sewage

backups. In recognition of his efforts in obtaining passage of Public Act 222, Mr. Liddle was named one of Lawyers Weekly's, "Lawyer of the Year for 2002."

### D.    The Miller Law Firm is Highly Qualified to Represent the Class

The Miller Law Firm, P.C. is well-qualified to assist in representing the class.  The Miller Law Firm has extensive experience litigating complex class actions throughout the United States and, particularly, in Michigan's federal courts.  The Miller Law Firm has been appointed lead or had substantial responsibility in numerous class action cases in Michigan continuously since 1995.  See The Miller Law Firm's Summary of Class Action Experience, which is attached as Exhibit 11.  The Miller Law Firm also has extensive experience outside of Michigan.  For example, in March 2009, The Miller Law Firm was appointed Co-Lead counsel in the AIG Securities Litigation in the Southern District of New York.  The Miller Law Firm's managing shareholder, E. Powell Miller ("Miller"), was appointed in August 2009 as Co-Chair of the American Bar Association Subcommittee on MDL and Class Action Procedure

The firm's class action cases have resulted in more than $500 million in settlements, including two recent cases where the class received net cash recoveries of 100% of their damages. Miller has extensive trial experience with 12 consecutive victories, including a multi-million dollar bench trial award in July 2009 wherein the trial court in his Opinion described Miller's trial work as "superb," a jury verdict in the Eastern District of Michigan for more than $10 million, a verdict in the Middle District of Florida for more than $20 million, and several other multi-million dollar verdicts. A copy of Miller's trial results is attached as Exhibit 12 and accounts for every case that has been tried to conclusion and reached verdict.

On November 6, 2009, Best Lawyers named Miller as the "Detroit Area Best Lawyers Bet-the-Company Litigator of the Year" for 2010.  In March of 2010, Miller was featured in Michigan's

Lawyer's Weekly as a Leader in the Law.  In 2010, Miller was also named as one of the Top 10 lawyers in Michigan by Super Lawyers Magazine.  This was the second year that Miller had been named in the Top 10.

> **E.      Miller Johnson is Highly Qualified to Represent the Class**

Miller Johnson is well-qualified to assist with representation of the class.  Miller Johnson has extensive experience litigating complex matters throughout Michigan.  Jon R. Muth, David J. Gass, and James R. Peterson – the Miller Johnson attorneys with primary responsibility in this action - bring strong credentials to this matter.  For almost 40 years, Mr. Muth's practice has been solely devoted to litigation of civil matters.  Mr. Muth spent a decade of his career heavily involved in environmental litigation.  Mr. Muth is named in "The Best Lawyers in America" in the practice areas of alternative dispute resolution, bet-the-company litigation, commercial litigation, ethics and professional responsibility law, legal malpractice, and professional malpractice law.  Mr. Muth has been named a Michigan "Super Lawyer" in general litigation, and is on the Top 10 Michigan Super Lawyers List.  Mr. Gass has been litigating complex commercial matters for almost 30 years.  He is named as a Michigan Super Lawyer, and a Top 100 Lawyer in Michigan by Super Lawyers Magazine.  He has also been listed in "Best Lawyers in America" for bet-the-company litigation, commercial litigation, and product liability litigation.   Mr. Peterson has litigated complex commercial matters for over 20 years.  He has an "AV" rating from Martindale Hubbell, and has extensive experience in this Court.

Miller Johnson's extensive experience successfully litigating complex matters in the Western District of Michigan will provide the class members with excellent representation, and with the best prospects of achieving a favorable and efficient result in this matter.

F.     **Fieger, Fieger, Kenney, Johnson & Giroux is Highly Qualified to Represent the Class**

The Fieger Law Firm is eminently qualified to assist with representation of the class. The Fieger Firm has unparalleled experience in litigating complex cases throughout Michigan and the United States. The Firm which has been described as an "18 lawyer litigation machine" has a total of 60 employees.

Geoffrey Nels Fieger has won perhaps more large jury verdicts and negotiated more significant settlements on behalf of clients than any American lawyer. Attached is a representative sampling listing more than one-hundred verdicts and settlements of at least one-million dollars (Exhibit 13). Included among these cases is *Koczara v Northwest Airlines*, a class action for false imprisonment/negligence that resulted in a $7.15 million settlement, and *Zeidman v Psciuk*, a class action for insurance fraud that resulted in a $14 million verdict. Mr. Fieger has been named as one of the American Trial Lawyers Association's top 100 Trial Lawyers. He is admitted to practice before the United States Supreme Court, five United States Circuit Courts of Appeal and nine United States District Courts. Mr. Fieger has been admitted pro hac vice in numerous states across the United States on more than 30 occasions.

In 2001, Mr. Fieger established the Geoffrey Fieger Trial Practice Institute at the Michigan State University College of Law, which is the first accredited trial practice institute at a law school designed specifically to train law students to be successful trial lawyers upon graduation.

Todd J. Weglarz is the senior associate attorney for the Fieger firm with 18 years of legal practice in state and federal courts. Mr. Weglarz has been admitted pro hac vice in several different courts throughout the country. Mr. Weglarz is highly experienced in working complex litigation cases to settlement and trial. He has garnered multiple million dollar plus settlements on an annual

basis on the cases he has litigated. His very first trial as lead counsel was given a value of $7,500 by a three-attorney case evaluation panel. Mr. Weglarz obtained a verdict of $375,000 (plus costs and fees). He has tried approximately twenty cases as either the lead or second chair trial counsel. 80% of those trials resulted in either a verdict or a favorable settlement for his client during the trial.

## IV. MOVANTS HAVE DEMONSTRATED THEIR COMMITMENT TO THE ZEALOUS REPRESENTATION OF THE CLASS

The Movants have already spent considerable time investigating potential claims and have committed significant resources representing the putative class.

### A. Communication with Putative Class Members

Proper representation of the putative class in an environmental class action requires fundamental interaction and communication because people are faced with immediate concerns regarding their health, safety and the welfare of their property. The Movants immediately set up several mechanisms to facilitate communication with affected residents in order to properly identify claims. Three "town-hall" meetings have been hosted by Holder Counsel in Marshall, Michigan and in Springfield, Michigan, to provide hundreds of residents with information regarding their legal rights and to provide a forum for the community to air all of their concerns and complaints. These standing-room-only meetings provided residents with an opportunity to meet face-to-face with a lawyer to discuss their rights. Counsel for the Holder Plaintiffs was also asked to speak in other venues in Battle Creek, Michigan to provide area residents with information and to respond to questions on a variety of topics related to the oil spill.

A Data Sheet has been disseminated to the putative class members to facilitate recording and communicating their experiences to counsel. These Data Sheets provide crucial feedback needed to properly identify claims on behalf of the residents. Holder Counsel have collected hundreds of Data Sheets and more continue to be submitted by area residents. Toll-free telephone lines were

established to enable people, particularly those who have evacuated their homes, to readily contact counsel.  Between the firms, lawyers and paralegals that are on staff at all times during business hours, Movants have ensured there is always someone available to promptly receive telephone calls and electronic correspondence from area residents.  The telephone calls from area residents and putative class members continue to be received as of the date of this filing.

**B.      Use of Experts**

The Movants have retained and consulted with a number of reputable scientific, environmental and medical experts regarding various issues related to the oil spill.

**1.      DeLisle Associates, LTD**

Residents need answers to pressing concerns from independent sources which have no relationship with the Defendants.  Understanding the importance of collecting evidence in support of Defendants' liability and the putative class members' damages as such effects are ongoing, Movants immediately began environmental testing of areas impacted by the oil spill.  In a catastrophe such as this, those who represent the putative class members cannot sit by while evidence dissipates into the air, water, or soil.  Only those who are experienced in environmental class actions understand this essential fact and this is precisely why Movants have already expended significant time and financial resources required to obtain independent environmental testing.

Within days of the oil spill, Movants (through Counsel for the Holder Plaintiffs) retained one of the State's foremost environmental testing organizations, DeLisle Associates, LTD ("DeLisle"), to perform testing of ground water, air and soil within areas potentially impacted by the oil spill. (Exhibit 14, "DeLisle Statement of Qualifications") DeLisle also conducted testing on indoor and outdoor air quality in various areas in Marshall and Battle Creek.

17

More recently, Movants requested and received from Enbridge samples of crude oil taken from the subject pipeline, some taken upgradient and others collected downgradient from the pipeline release point.  Movants have arranged for these samples to be reviewed and tested by an independent laboratory.  Movants' experts will be prepared to provide expert opinion testimony regarding the samples received and their relevance to the issues in this case.

### 2.    Dr. Kathleen Burns

In the wake of such a significant environmental crisis, area residents were and are understandably concerned about potential impacts on their health. In an effort to assist area residents with their concerns regarding any long and short term health impacts and to document evidence in support of their damages, Movants tracked the physical symptoms people have experienced following the spill.[9]

Movants have retained Dr. Kathleen Burns, a renowned toxicologist who has managed investigative teams which have conducted health evaluations of air, water, soil, and food contamination in the United States and other countries and has developed protective policies to reduce people's exposure to toxic chemicals.  Dr. Burns's CV is attached hereto as Exhibit 15 and reflects that she has published books and papers on the health effects of chemicals, including petroleum ingredients and is the founder and director of Sciencecorps, an organization that has assisted Veterans, tribal organizations, 9/11 cleanup workers, and communities across the United States on environmental health issues.  She is currently providing Gulf residents with information on health hazards of the oil spill and dispersants.  She has degrees from the University of Chicago and

---

[9] If it is established that some residents have experienced individual health problems as a result of the oil spill, those claims will be filed and pursued on an individual basis separate and apart from this class action.  **The consolidated Complaint will not include claims for personal injuries.**

the University of Illinois Medical Center, with specialty training from Northwestern University Medical School and Harvard University.

With the assistance of Dr. Burns, counsel for the Holder Plaintiffs created a report entitled, "Kalamazoo River Oil Spill Health Hazards", which provides information to people to help them understand the potential health risks associated with exposure to crude oil. (Exhibit 16, "Kalamazoo River Oil Spill Health Hazards.")  This report is posted on Holder Counsels' websites and has been disbursed in hard copy format to hundreds of area residents.  Dr. Burns is also qualified to review and analyze all environmental testing data from DeLisle as well as all studies and reports conducted by Defendants and other third parties including but not limited to the EPA.

### 3.    Dr. Michael Harbut

In an effort to respond to the concerns of the area residents who have become more seriously ill as a result of exposure to oil contaminants, Holder Counsel have communicated with nationally renowned occupational and environmental medical physician, Dr. Michael Harbut, the director of the Environmental Cancer Program at the Karmanos Cancer Center and the Chief of the Wayne State University Center for Occupational and Environmental Medicine. Dr. Harbut has engaged in extensive work related to the health hazards associated with the Gulf oil spill and is one of the most qualified medical care providers in the country to treat residents who have been impacted by the Kalamazoo River oil spill.  Dr. Harbut has allowed Movants, to direct any area residents with health concerns to him for examination and treatment, as necessary.  (Exhibit 17, "Dr. Harbut, Statement of Qualifications") Dr. Harbut's contact information is contained in the "Kalamazoo River Oil Spill Health Hazards" report and has been posted on counsels' websites.[10]

---

[10] Dr. Harbut has not and will not be retained as an expert in this case.

### 4. Other Liability, Causation and Damages Experts

Movants have researched and consulted with a number of other potential experts on the issues of liability, causation and damages in this case. It is imperative that only the best and most qualified experts be retained in order to adequately identify and prove the claims of the putative class members. Among other experts, counsel has consulted with Steven T. Werely, Ph.D., Professor of Mechanical Engineering at Purdue University, who has testified before United States Congress in various matters related to the Gulf oil spill. (Exhibit 18, "Dr. Werely CV")

### 5. Local Support

Movants have communicated with representatives from the Circle D Wildlife Refuge for information on how to manage contaminated wildlife located on the property of putative class members. They also communicated with representatives from the Calhoun Conservation District to receive instruction for area residents on how to maintain lawns that have been flooded by oil saturated river water.

### C. Gathering Information Prior To The Commencement of Discovery

It is imperative in a case involving an environmental catastrophe that immediate steps are taken to gather information related to the claims and damages alleged in the case. Movants have aggressively investigated facts and circumstances related to the oil spill. Witnesses have been interviewed, disaster areas and other related proceedings have been filmed and photographed, representatives have attended public meetings held by the EPA, Defendants and other officials, and Freedom of Information Act requests have been submitted to various public agencies involved in the oil spill. (Exhibit 19, "FOIA Requests")

## CONCLUSION

WHEREFORE, on the basis of the foregoing, the Holder Plaintiffs, the Watts Plaintiffs, the Gonyer Plaintiffs and the Matthews Plaintiffs respectfully request this Court to enter an order for the putative class granting: (i) the appointment of Holder Counsel (Hertz Schram PC and Macuga, Liddle & Dubin) and Watts Counsel (Fink + Associates Law and The Miller Law Firm, PC) as Interim Co-Lead Counsel, and; (ii) the appointment of an Interim Executive Committee, as set forth in the proposed order attached as Exhibit 1.

Dated:      February 28, 2011                    Respectfully submitted,

**Fink + Associates Law**                        **Hertz Schram PC**

Co-Counsel for Watts et al.                      Co-Counsel for Holder et al.
By:    /s/ David H. Fink                          By:    /s/ Patricia A. Stamler    [w/ consent]
David H. Fink (P28235)                           Patricia A. Stamler (P35905)
Darryl Bressack (P67820)                         Elizabeth C. Thomson (P53579)
dfink@finkandassociateslaw.com                   pstamler@hertzshcram.com
(248) 971-2500                                   248-335-5000


**Miller Johnson**                               **Macuga, Liddle & Dubin PC**

Co-Counsel for Watts et al.                      Co-Counsel for Holder et al.
By:      /s/ James R. Peterson    [w/ consent]   By:     /s/ Steven D. Liddle    [w/ consent]
James R. Peterson (P43102)                       Steven D. Liddle (P45110)
Jon R. Muth (P18138)                             Laura L. Sheets (P63270)
David J. Gass (P34582)                           sliddle@mlclassaction.com
petersonj@millerjohnson.com                      (313) 392-0015
(616) 831-1700


**The Miller Law Firm, PC**                       **Fieger, Fieger, Kenney, Johnson & Giroux**

Co-Counsel for Watts et al.                      Counsel for Gonyer at al. and Matthews et al.
By:      /s/ E. Powell Miller    [w/ consent]    By:     /s/ Todd J. Weglarz    [w/ consent]
E. Powell Miller (P39487)                        Geoffrey N. Fieger (P30441)
Ann L. Miller (43578)                            Todd J. Weglarz (P 48035)
Casey A. Fry (P72332)                            t.weglarz@fiegerlaw.com
alm@millerlawpc.com                              (248) 355-5555
(248) 841-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2011 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**Fink + Associates Law**

By:      /s/ David H. Fink_____
David H. Fink (P28235)
Darryl Bressack (P67820)
100 West Long Lake Rd; Suite 111
Bloomfield Hills, Michigan 48304
dfink@finkandassociateslaw.com
Telephone: (248) 971-2500

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PRECIOUS HOLDER, et al.,

      Plaintiffs,

v.                                  Case No. 1:10-cv-752

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

DARWIN WATTS, et al.,

      Plaintiffs,

v.                                  Case No. 1:10-cv-753

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

JEFFREY GONYER and SUSAN GONYER,

      Plaintiffs,

v.                                  Case No. 1:10-cv-1096

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____/

YVETTE MATTHEWS, et al.,

      Plaintiffs,

v.                                  Case No. 1:10-cv-838

ENBRIDGE ENERGY,                  HON. GORDON J. QUIST
LIMITED PARTNERSHIP, et al.,

      Defendants.
_____

**MOTION OF THE HOLDER PLAINTIFFS, THE WATTS PLAINTIFFS, THE GONYER AND MATTHEWS PLAINTIFFS FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE**

## INDEX OF EXHIBITS

Exhibit 1:    Proposed Order

Exhibit 2:    Affidavit of Elizabeth C. Thomson

Exhibit 3:    Affidavit of Patricia Stamler

Exhibit 4:    List of Experience of Hertz Schram

Exhibit 5:    Declaration of David H. Fink

Exhibit 6:    Hall Resume

Exhibit 7:    Affidavit of Steven D. Liddle

Exhibit 8:    Experience of the law firm of Macuga, Liddle & Dubin

Exhibit 9:    Affidavit of David R. Dubin

Exhibit 10:    Affidavit of Laura L. Sheets

Exhibit 11:    Miller Law Firm Class Action Highlights

Exhibit 12:    E. Powell Miller C.V.

Exhibit 13:    Fieger Law Firm Verdicts/Settlements Highlights

Exhibit 14:    DeLisle Statement of Qualifications

Exhibit 15:    Dr. Burns C.V.

Exhibit 16:    Kalamazoo River Oil Spill Health Hazards

Exhibit 17:    Dr. Harbut Statement of Qualifications

Exhibit 18:    Dr. Werely C.V.

Exhibit 19:    FOIA Requests

Exhibit 20:    *Ehler v. IPEX, Inc.,* 2009 WL 1392075 (D. Colo. May 15, 2009)