UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PRECIOUS HOLDER, NOELLE HOGAN,
DANNY ELDRED, DARWIN WATTS,
and CHERYL WATTS, individually and
on behalf of all others similarly situated,

        Plaintiffs,                             Civil Action: 1:10-cv-752


                                          HON. GORDON J. QUIST

v.

ENBRIDGE ENERGY, L.P.,
ENBRIDGE PIPELINES LAKEHEAD, L.L.C.,
ENBRIDGE PIPELINES (WISCONSIN) INC.,

        Defendants.
_____/

## NOTICE OF CLASS ACTION SETTLEMENT AND APPROVAL HEARING

**This is <u>not</u> a lawsuit against you. You are <u>not</u> being sued. This is notice of a proposed class action Settlement. This notice is to inform you about the proposed Settlement so that you can decide whether you would like to participate in the Settlement, oppose it, or exclude yourself from it.**

**READ THIS NOTICE CAREFULLY. Your rights to a monetary award will be affected.**

On May 5, 2015, at 2:00 p.m., the Court shall conduct a Final Approval Hearing to determine whether to grant final approval to the proposed Settlement and determine whether the settlement agreement is fair, reasonable and adequate. The Final Approval Hearing shall be conducted before Judge Quist in courtroom number 483 at United States District Court 399 Federal Bldg. 110 Michigan St NW Grand Rapids MI 49503. The Hearing may be continued without further notice.

**Class members do not have to attend the Final Approval Hearing, but may attend and object to the Settlement if they have followed the required procedure set forth in paragraph 6(c) below.**

**No payments will be made until after the Settlement has become Final.**

1

## SETTLEMENT DETAILS

**1.      Who are the parties to this class action?**

Plaintiffs Precious Holder, Noelle Hogan, Danny Eldred, Darwin Watts and Cheryl Watts are the Class Representatives.  Plaintiffs filed this lawsuit (the "Lawsuit") as a class action to assert their own individual claims and to represent a class of persons who has similar claims.  The Defendants are Enbridge Energy, Limited Partnership, Enbridge Pipelines (Lakehead) L.L.C., and Enbridge Pipelines (Wisconsin) Inc. (collectively "Enbridge" or "Defendants").  The Lawsuit is pending in the United States District Court, Western District of Michigan, Northern Division, in Grand Rapids, Michigan.

**2.      Are you a member of the Settlement Class?**

The Settlement Class consists of:

The owners and occupants on July 26, 2010, of all tax parcels, including without limitation, residential properties, agricultural properties, vacant properties, and businesses, within 1,000 feet on either side of the Kalamazoo River, beginning where Talmadge Creek enters into the Kalamazoo River and ending at the mouth of Morrow Lake in Kalamazoo County, *except*:  (1) any individual or business who or which previously received compensation from Enbridge other than items recoverable under the Oil Pollution Act ([such as temporary housing, meals or other out-of-pocket expenses immediately following the oil incident]) whether through voluntary payments or litigation; or (2) any individual or business who or which previously filed suit resulting in a dismissal regardless of whether payment was received.

Owners or occupants who currently have pending litigation with Enbridge are included within this Settlement Class, unless such individuals or businesses opt out of the Settlement Class.  For any owner or occupant with pending litigation that does not opt out of the Settlement Class, their individual lawsuit shall be dismissed with prejudice, only as to those Released Claims that were alleged or that could have been alleged in this Lawsuit on behalf of the Settlement Class, including but not limited to any claim of negligence, nuisance, strict liability, and injury to property (with the exception of claims of personal injury, which are not part of this Lawsuit and are excluded from this settlement), upon Approval of the Final Settlement by the Court.

**3.      What is this case about?**

Plaintiffs allege that on or about July 26, 2010, Enbridge caused more than 840,000 gallons of crude oil to flow into the Talmadge Creek and the Kalamazoo River, contaminating the air, waterways and wetlands, creating a noxious and toxic stench and killing or injuring wildlife. In response, Plaintiffs filed a class action lawsuit against Enbridge. Specifically, Plaintiffs claim that Enbridge released hundreds of thousands of gallons of oil resulting in the interference with Plaintiffs' quiet use and enjoyment of their properties.

Defendants claim that their defenses asserted in the Lawsuit have merit, and they would have ultimately been successful in defeating class certification under Rule 23 and in defeating the

Class Representatives' claims at summary judgment or trial. Defendants also contend that they have acted properly in all regards in connection with the Line 6B Incident, and their duties under common law and statute and deny they are liable for any of the Class Members' alleged damages.

This proposed class action settlement reflects the parties' agreement to resolve all the issues in the case. Based on the information available to both sides, and the risks involved in a trial, both sides have concluded that the proposed settlement is fair, reasonable, and adequate, and that it serves the best interests of all parties involved.

**4.     What compensation or benefits will the settlement provide?**

Enbridge will establish three claims programs to compensate eligible Class Members: (1) the Band Payment Program, (2) the General Claims Administration Program, and (3) the Well Testing Program. Those three claims programs are independent of each other. In addition to the direct compensation programs, Enbridge will establish a Donation Fund as more fully described below.

The Settlement, if finally approved by the Court, provides the following compensation to those Settlement Class Members who submit an Approved Claim during the Claims Period, as described in paragraph 5 below.

(1) **The Band Program**

The proposed Settlement Agreement with Enbridge provides that Enbridge will make a $2,200,000.00 payment for the benefit of the members of the class. Enbridge has agreed to allocate payments from that $2,200,000.00 among parcels within 1,000 feet from the Kalamazoo River as follows:

| | | |
|---|---|---|
| Band 1 | 0-200 feet (the original impact zone under Enbridge's D&I programs) | All parcels totaling approximately $250,000 within this band |
| Band 2 | 200-400 feet | $750 |
| Band 3 | 401-600 feet | $600 |
| Band 4 | 601-800 feet | $400 |
| Band 5 | 801-1000 feet | $300 |
| | **TOTAL ESTIMATED PAYMENTS** | **$2,200,000** |

Payment is based on location of the parcel and the usage of the property, and not on the size of the property. Each parcel will be entitled to only one payment even if the parcel is located in multiple bands. For Parcels located in more than one band, the payment will be for the band closest to the River on which the parcel is located.

For those parcels located in the 0-200 feet band, an individual notice will be sent to each parcel specifying the amount of the payment in that band.

For those parcels on which an apartment building or other multiple housing structure is located, the designated payment in the relevant band will be allocated per unit (regardless how many residents were within an individual unit) and the owner of the parcel will also receive one designated payment for that band for the overall building or structure.

For all other parcels, one half of the payment shall be paid to the owner(s) of the parcel and one half to the occupant(s) of the parcel as of July 26, 2010. If there is only an owner and no separate occupant, the owner will receive the full designated payment for that band.

For all parcels that are zoned as commercial within 200 to 1,000 feet of the river, Enbridge agrees to pay $250 to the owner for each parcel as compensation for any claims set forth in Plaintiffs' complaint or which could have been set forth in the complaint. Any commercial property within 200 feet of the river is still eligible for the prior designated offer from Enbridge.

Section 3.3 of the Settlement Agreement provides that the amount of Total Estimated Payments identified in the table above will be reduced by the amount allocated for any owner or occupier of property who opts out of the settlement and is in litigation.

Enbridge will provide payments for all eligible Parcels in the Band Payment Program, even if (1) the number of Parcels exceeds Enbridge's estimation, and (2) the actual total amount of payments of the Band Payment Program exceeds the Total Estimated Payments.

If the total amount of payments made in the Band Payment Program does not amount to the Total Estimated Payments, any amount of Total Estimated Payments (as reduced in accordance with Section 3.3 described above) not distributed will revert first to the General Claims Fund and then to the Donation Fund.

Band Payment Program payments of more than $750 will be paid via check. Payments to owners of commercial Parcels in the amount of $250 will also be paid via check. Band Payment Program payments of $750 or less will be made through a Pre-Paid Card that can be used at local businesses in Calhoun and Kalamazoo Counties. Additional details regarding payment are included within the Settlement Agreement.

**(2) The General Claims Administration Program**

A General Claims Administration Program for eligible Class members who were residents or business owners within 1,000 feet of the Kalamazoo River on July 26, 2010, will be established. Enbridge will fund the General Claims Fund with $1,500,000.00. The General Claims Administration Program will be administered by a third party General Claims Fund Administrator, whom the parties will mutually select, to compensate affected parties who can demonstrate a documented out-of-pocket loss, business interruption loss, environmental testing or other verified losses as a result of the oil release.

4

Eligible Class members can submit claims to the Class Administrator for out-of-pocket expenses incurred in the immediate aftermath following the July 25, 2010, oil release, and may also submit claims for disruptions caused by the subsequent clean-up efforts as detailed in the Settlement Agreement.

Eligible Class members can submit claims for the following:

A.    out-of-pocket expenses for residential properties incurred between July 26, 2010, and August 31, 2010, for reimbursement upon verification of acceptable documentation (e.g. invoices or receipts)

   i.     Meals
   ii.    Accommodations
   iii.   Gas/fuel
   iv.    Relocation costs
   v.     Lost wages
   vi.    Home cleaning expenses
   vii.   2010 fishing permits/use permits in the areas affected by the incident for use of the river
   viii.  Other expenses incurred as a result of the oil incident as evidenced by acceptable documentation as established for the claims process;

B.    out-of-pocket expenses, as described in paragraph (A) above, incurred between September 1, 2010, and December 31, 2013, but the Class Administrator will be required to verify with Enbridge the type and extent of remediation activity, if any, which was occurring on the date and in the location for which a claim is being made;

C.    business interruption losses incurred between July 26, 2010, and June 30, 2012, as a result of the Kalamazoo River closure and associated remediation activities, and such losses would have to be documented by sufficient records, such as: profit and loss statements, tax returns, photographs, or expert reports and would have to be shown to be proximately caused by the river closure or associated remediation activities;

D.    Phase 1, Phase 2 or other environmental testing and evaluations, required by a lending institution or other third-party as a result of the oil release, based on supporting documentation that such testing was required and performed between July 26, 2010, and December 31, 2013; and,

E.    other verified claims or requests related to the Line 6B oil release as supported with appropriate documentation and shown to be proximately caused by the river closure or associated remediation activities, and as consistent with Enbridge's previous calculations for similar payments, such as excessive disturbance due to proximity of work activity or access to the property for staging and remediation efforts.

Pursuant to the Settlement Agreement, Enbridge will pay the costs of the General Claims Administration Program. Enbridge will also pay the cost of Class Notification and Administration, estimated at $250,000.00. Enbridge will also pay for the administration of the Donation Fund. Enbridge will similarly pay the costs of the establishment and administration of the PrePaid Cards as described above. The estimated cost of implementation of the Pre-Paid Cards is $250,000.00.

### (3) The Well Testing Program

Enbridge will establish a Well Testing Program and perform a one-time well sampling for Class Members within 1,000 feet of the Kalamazoo River between Talmadge Creek and the mouth of Morrow Lake if the landowner so elects, provided that previous sampling has not occurred or the property was not within Enbridge's previously established well sampling program. Any residual funds not paid for the Well Testing Program will first revert to the General Claims Administration Program and then revert to the Donations Fund. The estimated value of the Well Testing Program is $50,000.00.

The Class Administrator will have the authority to request additional documentation with respect to the Well Testing Claim Form. Once the Class Administrator determines that the Well Testing Claim Form includes the required documentation, the Class Administrator will refer the Well Testing Claim Form to Enbridge to confirm that previous well sampling has not occurred. Following confirmation, Enbridge will authorize the one-time well sample to occur.

**NOTE:** *If you are a member of the class, and you do not file a claim, an objection or a request for exclusion as explained in Section 6 below, you will not be entitled to receive any benefits for the claims that are the subject of this Action but will be bound by the Settlement.*

*Once the Court enters an Order of final approval of the Settlement Agreement, plaintiffs will dismiss the lawsuit with prejudice, which means that class members will be unable to reinstitute the lawsuit based upon events that occurred prior to the final approval of the Settlement Agreement.*

### (4) The Donation Fund

In addition to the monetary compensation provided to the Class Members, Enbridge will establish a Donation Fund and donate a minimum of $150,000.00 to organizations that benefit the local community, support public safety, encourage river recreation in the Kalamazoo River, or other environmental conservation efforts.

The initial organizations/programs for consideration of donations by Enbridge will include:

a.    Kalamazoo River Watershed Council (i.e. Kanoe the Kazoo)

b.    Marshall Township Voluntary Fire Department

6

    c.      Emmett Township Department of Public Safety

    d.      Calhoun Conservation District

    e.      Kalamazoo Conservation District

    f.      Wilder Creek Conservation Club (Marshall Community Foundation)

    g.      Calhoun County Community Emergency Response Team (CERT)

    h.      Kalamazoo Valley Chapter of Trout Unlimited

    i.      Ducks Unlimited

    j.      City of Battle Creek's River Conservation Day

    k.      Michigan Envirothon

    l.      Brooks Nature Area

    m.      Michigan United Conservation Clubs

    n.      Keystone Institute

Enbridge will identify additional organizations in consultation with Plaintiffs' counsel.

Enbridge will provide Quarterly Status Reports to the Court and Interim Lead Class Counsel identifying the amounts expended, the recipients of all donations from the Donation Fund, and the amount remaining in the Donation Fund.

If the total amount of payments made in the Band Payment Program does not amount to the Total Estimated Payments, any amount of Total Estimated Payments (as reduced in accordance with Section 3.3) not distributed will revert first to the General Claims Fund and then to the Donation Fund.

## 5.    What do you have to do to receive compensation or benefits from the Settlement?

If you wish to receive compensation you must complete a separate claim form for each Program, specifically a Band Payment Program Claim Form (Claim Form A), a General Claim Form (Claim Form B), and a Well Testing Claim Form (Claim Form C). Those Claim Forms are enclosed with this Notice and provide additional information about the manner in which your claim(s) must be submitted.

The Class Administrator has also published all of this information on its website www. KalamazooRiverSettlement.com and has made Claim Forms available and downloadable from its website.

The Class Administrator will receive all Claims Forms and will review all Claims Forms for timely submission and inclusion of required documentation. Claims will then be administered as set forth in the individual Programs sections below.

***ALL CLAIM FORMS SHALL BE MAILED AND POSTMARKED TO THE CLASS ADMINISTRATOR BY MARCH 23, 2015.***

***IF YOU FAIL TO CORRECTLY COMPLETE AND TIMELY SUBMIT THE CLAIM FORM(S) AND ALL REQUIRED DOCUMENTATION YOU WILL FOREVER BE BARRED FROM SEEKING COMPENSATION.***

**6.     What are your options?**

If you are a Settlement Class Member, you will have the following options:

* \*   File Claims if you meet the criteria set out above.

* \*   Do nothing, thereby foregoing the possibility of receiving any relief pursuant to this Settlement.

* \*   Stay in the Settlement Class and file a timely Objection, if you disagree with any part of the Settlement.

* \*   Exclude yourself from the Settlement Class. which means you will not participate  in  any of the financial benefits from the Settlement, will not be bound by the releases made or judgment entered in connection with the Settlement, and will not be permitted to object to any part of the Settlement.

The following sections explain the consequences of pursuing each option.

**6(a).    What happens if you file a Claim Form(s)?**

If you are a Settlement Class Member and you timely complete and submit a Claim Form(s), and if the Claim Form(s) is approved, you will receive the relief described above once the Settlement has become Final.

***To be timely, the Claim Forms must be mailed and postmarked to the Class Administrator as directed in paragraph 5 by March 23, 2015.***

Unless you submit a Request for Exclusion (see section 6d below), you will be prohibited from bringing a lawsuit against Enbridge for the interference with your property rights and monetary expenses incurred as a result of the interference due to the oil release.

The Claim Forms include directions as to how the Claim Forms should be filled out.

You do not need to attend the Final Approval Hearing in order to participate in the settlement.

**6(b).    What happens if you do not submit a Claim Form?**

Under the terms of the Settlement, if you do not submit a Claim Form, you will not receive any compensation. If the Court approves the Settlement and if you do not submit a Claim, you nevertheless will be bound by the Settlement, including the release of your claims against Enbridge, unless you submit a Request for Exclusion.

### 6(c). How do I file an objection?

You may remain in the Settlement Class and file an objection if you disagree with any part of the Settlement. Your "Notice of Intent to Object" must be signed and received by the Court Class Counsel, and Defendants' counsel, on or before March 23, 2015 and must include the following information: a) identify the case, *Holder v. Enbridge,* Case No. 1:10-cv-752, b) include your full name, current address, and telephone number, c) briefly state your objection, and d) state the basis for your objection.

The *original* of your "Notice of Intent to Object" must be mailed or delivered to: the Clerk of the United States District Court 399 Federal Bldg. 110 Michigan St NW. Grand Rapids MI 49503.

*Copies* of your "Notice of Intent to Object" must also be mailed or delivered to the following:

> ➤ Plaintiffs' Counsel: Ms. Elizabeth Thomson, Hertz Schram PC, 1760 South Telegraph Road, Suite 300, Bloomfield Hills, MI 48302 @ 248- 335-5000; and
> ➤ Defendants' Counsel: Ms. Kathleen Lang, Dickinson Wright PLLC, 500 Woodward Avenue, Suite 4000, Detroit, MI 48226

Along with submitting your objection by mail, you must also attend the Final Approval Hearing to voice your objection on the record.

If you do not properly file and serve an objection by the required date, or if you fail to appear at the Final Approval Hearing, any objections you may have to the settlement will be waived and you will be foreclosed from making any further objections to the Settlement.

### 6(d). How do I exclude myself from the class?

You can exclude yourself from the Settlement Class, which means you will not participate in any aspect of the Settlement and you may pursue your own claims, if any, at your own expenses against Enbridge. To exclude yourself, you must submit your request to be excluded in writing to:

Kalamazoo River Settlement, c/o Class Administrator, PO Box 1975, Faribault, MN 55021-6171

Your request must be signed, include your name, address, and telephone number, and clearly state that you wish to be excluded from the class. Your request must be postmarked no later than March 23, 2015.

### 7. When will the Court conduct the Final Approval Hearing?

On May 5, 2015 at 2:00 p.m., the Court will conduct a public Final Approval Hearing to determine whether to approve the proposed Settlement and determine the amount of fees and expenses to be awarded to the attorneys for plaintiffs and the class and payment of the class representatives.  Although not anticipated, the Court may postpone the date of the Final Approval Hearing.  If available, notice of such postponement will be posted on the settlement website at www.KalamazooRiverSettlement.com.  Although the hearing will be open to the public, you will not be permitted to speak at the hearing unless you have filed a timely objection as described in section 6(c) above.

**8.     What is the effect of Court approval of the Settlement, and what claims against Enbridge are being released?**

If the Court approves the Settlement at the Final Approval Hearing, and you have not filed an objection or excluded yourself from the class as described in paragraph 6(c) and 6(d), any claims that you, your heirs, successors and assigns might have against Enbridge will be fully and completely released with respect to any and all claims which were or could have been asserted in this Lawsuit on behalf of the Settlement Class, including but not limited to any claim of negligence, nuisance, strict liability, and injury to property.  Claims of personal injury by any Class Member are excluded from this definition of Released Claims, however, notwithstanding this exclusion, Enbridge does not waive any of its defenses to the unreleased personal injury claims, including but not limited to assertion of applicable statutes of limitations.

**9.     How much money will the attorneys for the class be paid, and who will pay it?**

The attorneys for Plaintiffs and the class will submit to the Court for approval a request for attorneys' fees and expenses to be paid by Enbridge in an amount not to exceed $1,850,000.00 for their efforts in protecting the rights of the class, pursuing compensation for their benefit and securing community-wide benefits.

The Court will determine the amount of any fees and expenses awarded to class counsel, which will not be deducted from the payments made to the class.  The amount of money that any individual class member may receive will not depend upon the amount of fees or expenses awarded to counsel.

**10.    How much will the individuals who pursued this lawsuit on behalf of the class receive in addition to the benefits provided to other members of the class?**

Plaintiffs' attorneys, on behalf of the Class Representatives, will ask the Court to award them $5,000 or $10,000 each as payment for action as class representatives and for their efforts and time expended in this litigation, including time spent providing discovery and attending depositions.  The Court will determine the amount of any such incentive award, which will be paid by Enbridge and will not be deducted from the payments made to the class.

**11.    Where can you get additional information?**

This notice provides only a summary of matters regarding the lawsuit.  The documents, Settlement Agreement, and order in this case provide greater detail and may clarify matters that are described generally in this notice.  Copies of the Settlement Agreement, other documents, court orders, and other information related to the lawsuit may be examined at the settlement website: www.KalamazooRiverSettlement.com.  Capitalized terms used in this notice have the meanings as defined in the Settlement Agreement.  In case of conflict between the Settlement Agreement and this notice, the Settlement Agreement controls.

You may also examine the Settlement Agreement, the court orders and the other papers filed in the Action at the Clerk's Office for the United States District Court, 399 Federal Bldg., 110 Michigan St NW, Grand Rapids, MI 49503 during regular business hours.  If you wish, you may seek the advice and guidance of your own attorneys at your own expense.

If you wish to communicate with or obtain information from the attorneys for the class, you may do so by letter at the addresses listed below. You should direct any such inquiries concerning a Claim or other matters described in this notice to Class Counsel:

- Elizabeth Thomson, Hertz Schram 1760 South Telegraph Road, Suite 300, Bloomfield Hills, MI 48302, @ 248- 335-5000; or
- David Fink, Fink + Associates Law, 100 West Long Lake Rd, Suite 111. Bloomfield Hills, Michigan 48304, @ (248) 971-2500; or
- Laura Sheets, Macuga, Liddle, & Dubin, P.C., 975 East Jefferson Ave, Detroit, MI 48207, @ 313-392-0015; or
- Ann Miller, The Miller Law Firm, PC, 950 West University Drive, Suite 300 Rochester, Michigan 48307, @ (248) 841-2200.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION.**

DETROIT 40856-2 1337499v1