UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRECIOUS HOLDER, NOELLE HOGAN,
DANNY ELDRED, DARWIN WATTS,
and CHERYL WATTS, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

ENBRIDGE ENERGY, L.P.,
ENBRIDGE PIPELINES LAKEHEAD, L.L.C,
ENBRIDGE PIPELINES (WISCONSIN) INC.,

    Defendants.
_____/

Civil Action: 1:10-cv-752

HON. GORDON J. QUIST

**ORDER CONDITIONALLY CERTIFYING CASE AS A CLASS ACTION,
APPOINTING CLASS COUNSEL, DEFINING CLASS, APPROVING MANNER AND
CONTENT OF NOTICE AND PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT**

This action is before the Court on PLAINTIFFS' CORRECTED MOTION FOR ORDER CONDITIONALLY CERTIFYING CASE AS A CLASS ACTION, APPOINTING CLASS COUNSEL, DEFINING CLASS, APPROVING MANNER AND CONTENT OF NOTICE AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT. After reviewing the Motion, the proposed Notice and the Settlement Agreement, the Court grants the motion for good cause shown. Accordingly, it is hereby Ordered:

1. The Corrected Motion is **GRANTED**.

2. The Court preliminarily approves the proposed settlement with Enbridge Energy, L.P., Enbridge Pipelines Lakehead, L.L.C. and Enbridge Pipelines (Wisconsin) Inc. (collectively "Enbridge") as set forth in the Settlement Agreement, and finds the Settlement Agreement is sufficiently fair, reasonable, and adequate to authorize dissemination of notice and a claim form

to the Settlement Class as defined in paragraph 3 below. The terms of the Settlement Agreement are hereby incorporated by reference.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies a Settlement Class, defined as follows:

> The owners and occupants on July 26, 2010, of all tax parcels, including without limitation, residential properties, agricultural properties, vacant properties, and businesses, within 1,000 feet on either side of the Kalamazoo River, beginning where Talmadge Creek enters into the Kalamazoo River and ending at the mouth of Morrow Lake in Kalamazoo County, with the following exceptions: (1) any individual or business who or which previously received compensation (other than prior compensation for items recoverable under the Oil Pollution Act such as temporary housing, meals or other out-of-pocket expenses immediately following the oil incident) from Enbridge, whether through voluntary payments or litigation, is not eligible for compensation under this program; and (2) any individual or business who or which previously filed suit, resulting in a dismissal regardless of whether payment was received, is not eligible for compensation under this program.
>
> Only property owners or occupants who were at these properties on July 26, 2010, will be eligible for any payments. Owners or occupants who currently have pending litigation with Enbridge are included within this settlement, unless such individuals or businesses opt out of the settlement. For any owner or occupant with pending litigation that does not opt out of the settlement, their individual lawsuit shall be dismissed with prejudice, only as to those claims that were alleged or that could have been alleged in this Lawsuit on behalf of the Settlement Class, including but not limited to any claim of negligence, nuisance, strict liability, and injury to property (with the exception of claims of personal injury, which are not part of this Lawsuit and are excluded from this settlement), upon Approval of the Final Settlement by the Court.

4. For purpose of the settlement, the Settlement Class satisfies the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure with respect to numerosity, common questions, typicality, adequacy and predominance. (All putative members of the Settlement Class are hereinafter referred to as "Putative Class Members.")

5. The Court approves the form and contents of Notice of Class Action Settlement (hereinafter "Notice") attached to this Proposed Order.

6. The Court finds that the mailing and publication of the Notice in the manner set forth herein constitutes the best notice practicable under the circumstances, is due and sufficient notice to all persons entitled thereto, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

7. Hertz Schram, P.C., Fink + Associates Law PLLC, Liddle & Dubin, P.C., and The Miller Law Firm, P.C. (hereinafter, "Class Counsel") are adequate and are appointed as Co-Class Counsel for the Settlement Class.

8. The Notice in substantially the form attached hereto, and the claim forms, shall be mailed by first class mail, postage prepaid, to all identified Putative Class Members, on or before January 20, 2015 (the "Notice Date").

9. On or before February 11, 2015, Enbridge will provide to class counsel a list of pending litigation relating to the Enbridge oil spill.

10. On or before March 23, 2015, Putative Class Members shall serve any requests for exclusion from the Settlement Class.

11. Putative Class Members who wish to participate in the settlement shall submit claim forms as set forth in the Notice on or before March 23, 2015.

12. Any Putative Class Members who objects to the settlement must do so in writing. The objection must include the caption of this case, be signed and **received** by the Court, Class Counsel, and Defendants' counsel, on or before March 23, 2015, and shall otherwise comply with the requirements set forth in the Notice.

13. Class Counsel shall file with the Court their Motion for Final Approval and other supporting papers on or before April 1, 2015.

14. Enbridge shall file its Response, if any, to Plaintiffs' Motion for Final Approval on or before April 20, 2015.

15. All parties shall file their responses, if any, to any objections filed by Putative Class Members, if any, on or before April 20, 2015.

16. Class Counsel shall cause to be filed with the Clerk of this Court, affidavits or declarations of the person under whose general direction the mailing of the Notice was made, showing that mailing was made in accordance with this Order ten (10) days prior to the Final Approval Hearing.

17. The Court will hold a hearing (the "Final Approval Hearing" or "Hearing") on May 5, 2015, at 2:00 p.m. at the United States District Court for the Western District of Michigan, 110 Michigan St NW, Grand Rapids, Michigan 49503, to determine the fairness, reasonableness, and adequacy of the proposed settlement and whether the settlement should be approved by the Court and a final judgment entered thereon. Any Putative Class Member who follows the procedure set forth in this Order and the Notice may appear and be heard at the Hearing. The Hearing may be continued without further notice.

18. All proceedings against Enbridge, and their corporate parents, subsidiaries and affiliates, in these Actions are stayed until the Court renders a final decision regarding the approval of the Settlement Agreement and, if it approves the Settlement Agreement, enters a final judgment.

SO ORDERED, this 12th day of January, 2015

                                            /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            U.S. District Judge